UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 11-00928 DMG (DTBx) | Date | November 4, 2011 |
|---|---|---|---|

| Title | *Robert Rouse et al v. Wachovia Mortgage FSB et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES SUPERIOR COURT**

On June 10, 2011, Defendant Wells Fargo Bank, N.A. removed this action from state court on the basis of federal question and diversity jurisdiction. Plaintiffs' operative first amended complaint no longer contains any federal claims and the Court is not inclined to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Relying on *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006), Wells Fargo asserts that as a national banking association it is solely a citizen of the state in which its main headquarters are located. (Notice of Removal [Doc. # 1] at 3-4.) Thus, Wells Fargo maintains that it is solely a citizen of South Dakota because its articles of association designate its headquarters in Sioux Falls, South Dakota. (*Id.*) *Schmidt*, however, expressly declined to hold that a national banking association's citizenship is limited to the state in which its main office is located as set forth in its articles of association. 546 U.S. at 315 n.8.

There is a split of authority—unresolved in the Ninth Circuit—as to whether a national banking association is also a citizen of the state of its principal place of business. *Compare Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004) (holding that a national bank's citizenship "is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association"), *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) ("[A] national bank is 'located' for purposes of 28 U.S.C. § 1348 in the state where the bank's principal place of business is found and the state listed on its organization certificate."), *and Stewart v. Wachovia Mortg. Corp.*, No. CV 11–06108 MMM (AGRx), 2011 WL 3323115, at *5 (C.D. Cal. Aug. 2, 2011), *with Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 709 (8th Cir. 2011) ("[A] national bank is a citizen only of the state in which its main office is located."), *and DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010) (declining to apply a principal place of business test to Wells Fargo).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 11-00928 DMG (DTBx)** | Date | November 4, 2011 |
| Title | *Robert Rouse et al v. Wachovia Mortgage FSB et al.* | Page | 2 of 2 |

      Plaintiffs are California citizens. (Notice of Removal [Doc. # 1] at 3.) Wells Fargo's principal place of business appears to be in California. *See, e.g.*, *Mount v. Wells Fargo Bank, N.A.*, No. CV 08-6298 GAF (MANx), 2008 WL 5046286 (C.D. Cal. Nov. 24, 2008) ("[Wells Fargo] has regularly described its principal place of business as San Francisco, California." (citing cases)).

      Therefore, Wells Fargo is **ORDERED TO SHOW CAUSE** why this action should not be remanded for lack of diversity jurisdiction. Wells Fargo shall file its response on or before **November 14, 2011**. If Wells Fargo contends that its principal place of business is in a state other than California, it should present evidence to that effect and explain why judicial estoppel does not preclude such a position.

**IT IS SO ORDERED.**